IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JAVIER LUNA, #M-04122,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 10-437-MJR |
| | ) | |
| **WEXFORD MEDICAL STAFF,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, Javier Luna, an inmate in Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

Plaintiff Javier Luna asserts that on September 16, 2009, he fell in his sleep from his top bunk approximately five feet to the concrete floor. The fall injured his left hand and lower back. His hand injury was visible, with swelling and a knuckle that was pushed back to the center of his hand. He immediately requested medical attention from the Gallery Officer on duty (Defendant Unknown Party/Wing Officer). This Defendant told Plaintiff "to write a request slip for a Doctor. You have to pay for treatment here."

Plaintiff did not receive any medical attention until 8-10 days after the injury, and x-rays were not taken until 23 days later. Plaintiff states that he continues to suffer pain in his left hand and lower back as a result of the injury and delay in treatment. Plaintiff is a Spanish-speaker, and claims that the Defendant medical staff refused to allow him to engage the help of a bilingual

prisoner to translate his requests for medical assistance. He states that while he was required to submit a request slip in order to be referred for medical attention, "regularly situated" English-speaking prisoners were often given medical attention for their injuries without having to submit a request slip. He names Defendants Wexford Medical Staff (unknown individual names), Dr. Obadina, and Wexford Medical Staff Nurses (unknown individual names) as having failed to render prompt treatment and denying him the use of an interpreter. He also states that "prison officials" as distinct from the medical staff, denied him the use of an interpreter thus delaying his medical care, but does not state which of the other defendants took such action. The other Defendants are: M. Dolce (Correctional Counselor); K Deen (Grievance Officer); R. Davis (Warden); and the Illinois Prisoner Review Board.

      Plaintiff seeks a jury trial, and compensatory and punitive damages of $200,000 each from Defendants Wexford Medical Nursing Staff, Dr. Obadina, Warden R. Davis, Counselor K. Den, Counselor M. Dolce, the Unknown Correctional/Wing Officer, and the Illinois Prisoner Review Board.

**Discussion**

      Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into two (2) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 - Deliberate Indifference to Serious Medical Needs**

      The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment.

*Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). As stated by the Seventh Circuit Court of Appeals:

> A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).

To show deliberate indifference, a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must actually "draw the inference." *Farmer,* 511 U.S. at 837.

Applying these standards to the Defendant Unknown Party/Wing Officer who ignored Plaintiff's request for medical care, and told Plaintiff to "write a request slip for a doctor[;] you

have to pay for treatment here," the deliberate indifference claim against this Defendant cannot be dismissed at this stage. From Plaintiff's description, his hand showed visible injuries which would have been obvious to a layperson as requiring medical attention, even if Plaintiff was unable to communicate well in English.

Plaintiff further alleges that Defendants Obadina, Wexford Medical Staff, and Wexford Medical Staff Nurses, were deliberately indifferent to his requests for medical care by delaying his treatment for eight to ten days, and not having an x-ray performed until 23 days after his injury. He states that he made several attempts to have bilingual prisoners translate his requests for medical help, but was denied the use of an interpreter. "A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *see also Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996). Plaintiff has set forth a plausible account of the facts showing how much delay he experienced in obtaining treatment, that he made repeated requests to Defendants for action, and what the consequences were of inaction (pain, inability to care for his personal needs, and injuries that have not fully healed). Plaintiff's efforts to obtain care, in addition to the obvious signs of injury to his hand, indicate that Defendant Obadina and the other unnamed medical staff may also have been deliberately indifferent to his serious medical needs, thus his claim against these defendants likewise cannot be dismissed at this stage.

As Plaintiff was unable to identify several defendants by name at the time he filed his complaint, he must timely amend his complaint to name these individuals (Defendant Unknown Party/Wing Officer, and all Wexford Medical Staff and Nurse Defendants). Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members

sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 832 (7th Cir. 2009).

**Count 2 - Equal Protection**

Plaintiff is Hispanic and speaks primarily Spanish. His limited English ability led him to seek the help of bilingual prisoners to help him write a request slip and to verbally translate his needs for medical care to the Defendant medical staff. He states that English-speaking prisoners were often given medical care based on their verbal requests, and were not required to submit a written request in order to receive treatment, as Plaintiff was told to do. This alleged unequal treatment contributed to the delay in treating Plaintiff's injuries.

Racial discrimination by state actors violates the Equal Protection Clause of the Fourteenth amendment unless it is narrowly tailored to serve a compelling state interest. *See DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). To state an equal protection claim, a plaintiff must establish that a state actor has purposely treated him differently than persons of a different race. *Id.* Plaintiff's claim of differential treatment by the medical staff and by other prison officials is tied to his Hispanic racial/ethnic background, intertwined with his limited English ability. He states that English-speaking prisoners, whom the court assumes would be predominantly non-Hispanic, were given medical treatment without having to submit a written request, while he was subject to different rules. Of course, under the facts Plaintiff describes, not all Hispanic prisoners would necessarily be treated in a discriminatory manner; Hispanics who are fluent in English might not be required to submit a written request for care. Giving liberal construction to Plaintiff's complaint, he has sufficiently alleged an equal protection claim of

racial discrimination.

However, Plaintiff's brief complaint does not specify which of the Defendants, other than the Unknown Correctional/Wing Officer, required him to submit a written request before he could be given medical treatment. Furthermore, in the case of that Unknown Correctional/Wing Officer, Plaintiff does not allege a racially discriminatory motive when that Defendant ordered Plaintiff to "write a request slip for a Doctor. You have to pay for treatment here." (Doc. 1, p. 4)

Plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1023 n.19 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Accordingly, Plaintiff's equal protection claim must be dismissed without prejudice for failing to identify any specific defendants who engaged in the alleged discriminatory conduct.

**Defendants Dolce, Deen, Davis, and Illinois Prisoner Review Board**

Plaintiff's claims against Defendants M. Dolce (Correctional counselor), K. Deen (Grievance Officer), R. Davis (Warden), and the Illinois Prisoner Review Board, must be dismissed. The only specific allegations in the complaint regarding these defendants is that Plaintiff filed his grievance with Defendant M. Dolce (Correctional counselor); then appealed to

Defendant K. Deen (Grievance Officer) and Defendant R. Davis (Warden) and to the Illinois Prisoner Review Board [sic] (it is the Dept. of Corrections Administrative Review Board which handles appeals of prisoner grievances).  There is no claim that any of these defendants personally refused to refer Plaintiff for medical treatment, or engaged in discriminatory conduct toward Plaintiff.  Furthermore, they cannot be held liable for any wrongs to Plaintiff based merely on their supervisory role over other prison officials.  In the case of the Illinois Prisoner Review Board, Plaintiff has named the wrong party.  However, even if the Plaintiff had named the Administrative Review Board as a defendant, as a state agency, neither it nor the Prisoner Review Board is a "person" within the meaning of the Civil Rights Act, and is not subject to a § 1983 suit.  *See Toledo, Peoria, & W.R. Co. v. Illinois*, 744 F.2d 1296, 1298-99 (7th Cir. 1984).

Plaintiff, and many other inmates, may think that any prison employee who knows (or should know) about his problems has a duty to fix those problems.  That theory is in direct conflict with the well-established rule that "public employees are responsible for their own misdeeds but not for anyone else's."  *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).  *See also Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat superior does not apply to § 1983 actions).  Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").  For the above reasons, the claims against Defendants Dolce, Deen and Davis are dismissed without prejudice.  The claim against Defendant Illinois Prisoner Review Board is dismissed with prejudice.

**Disposition**

       **IT IS HEREBY ORDERED** that Count 2 is **DISMISSED** without prejudice. Defendants **DOLCE, DEEN,** and **DAVIS** are **DISMISSED** from this action without prejudice. Defendant **ILLINOIS PRISONER REVIEW BOARD** is **DISMISSED** from this action with prejudice.  Plaintiff is **GRANTED** leave to file an amended complaint, in accordance with this Memorandum and Order, within **THIRTY DAYS** of the date of entry of this Order.

       **IT IS FURTHER ORDERED** that upon conclusion of the thirty-day period, should Plaintiff fail to file an amended complaint, Plaintiff's claim designated as Count 2, will be dismissed with prejudice for failure to comply with an order of this Court and for failure to state a claim upon which relief may be granted.  FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

       **IT IS FURTHER ORDERED** that the Clerk shall prepare for Defendant **OBADINA**:  (1) a Notice of Lawsuit and Request for Waiver of Service of Summons; and (2) a Waiver of Service of Summons.  The Clerk is directed to mail said forms, a copy of the Complaint, and this Memorandum and Order to the Defendant's work address or employer address as provided by Plaintiff.  If a Defendant fails to sign and return the Waiver to the Clerk within 30 days from the date said forms were sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

       Service shall not be made on the Unknown Defendants (Correctional/Wing Officer, Wexford Medical Staff and Wexford Medical Staff Nurses) until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is

Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

  **IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the address provided by Plaintiff, the Pinckneyville Correctional Center shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above, or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

  **IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date on which a true and correct copy of any document was served on Defendants or their counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

  Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

  Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

  Further, this entire matter is hereby **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address during the pendency of this action, and that the Court will not independently investigate his whereabouts.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents, and may result in dismissal of this action.  See FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**Dated:** 1/30/2011

                _____ s/ Michael J. Reagan_____
                **MICHAEL J. REAGAN**
                **United States District Judge**